JAMES CLARK, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

## ON REHEARING.

In a prosecution for larceny where the articles alleged to have been stolen are separate in kind and numbers, and their value is given only in the aggregate, proof of the ownership as alleged of some of the articles, and that such articles are of sufficient value to warrant the verdict and judgment, is sufficient.

This case was decided by Division A.

*A. J. Henry* and *R. H. Chapman,* for Plaintiff in Error;

*Park Trammell,* Attorney General, for the State.

WHITFIELD, C. J.—In an application it is stated that the court overlooked the contention that as the indictment "only states the collective or aggregate value of different articles to have been stolen, that a conviction is possible only where it is shown by the evidence that the defendant is guilty of the larceny of all the articles," and that as some of the stolen articles were shown to be the property of a third person there was a fatal variance between the allegations and the proofs. These matters were not over-

looked by the court. The disposition of the case necessarily showed that the contentions were not tenable.

In a prosecution for larceny where the articles alleged to have been stolen are separate in kind and numbers, and their value is given only in the aggregate, proof of the ownership as alleged of some of the articles, and that such articles are of sufficient value to warrant the verdict and judgment, is sufficient. See Raines v. State, 42 Fla., 141, text 146, 28 South. Rep., 57; 1 Bishop's New Crim. Proc., Paragraph 488; 25 Cyc. 102-3; Bone v. State, 121 Ga., 147, 48 S. E. Rep., 986; State v. Evans, 23 S. C., 209.

Rehearing denied.

SHACKLEFORD and COCKRELL, J.J., concur.

TAYLOR, HOCKER, and PARKHILL, J. J., concur in the opinion.